AO 241
(Rev. 01/15)

FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA
Page 2

DEC 1 2025

OFFICE OF THE CLERK

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: |
|---|---|

| Name (under which you were convicted): Gatdet Chuol | Docket or Case No.: 8:25cv683 |
|---|---|
| Place of Confinement: Reception And Treatment Center P.O. Box 22800 Lincoln, NE 68542 | Prisoner No.: 75845 |

| Petitioner (include the name under which you were convicted) Gatdet Chuol | Respondent (authorized person having custody of petitioner) v. Rob Jeffreys, Director of Nebraska Dept. of Correctional Services |
|---|---|

The Attorney General of the State of: Nebraska  Mike Hilgers

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   In The District Court of Douglas County, Nebraska

   (b) Criminal docket or case number (if you know): CR 11-1166 And CR 11-1425

2. (a) Date of the judgment of conviction (if you know): March 5, 2012

   (b) Date of sentencing: May 4, 2012

3. Length of sentence: 65 to 90 years

4. In this case, were you convicted on more than one count or of more than one crime?  ☑ Yes  ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: ① Use of a deadly Weapon 20 to 30 years. ② Criminal Conspiracy. ③ 30 to 40 years. ③ Robbery 15 to 20 years

6. (a) What was your plea? (Check one)
   ☐ (1) Not guilty        ☑ (3) Nolo contendere (no contest)
   ☐ (2) Guilty            ☐ (4) Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? __plead guilty to; use of a deadly weapon; Criminal Conspiracy; Robbery__

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury    ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   ☑ No

8. Did you appeal from the judgment of conviction?

☑ Yes   ☐ No

9. If you did appeal, answer the following:

(a) Name of court: __Court of appeal Nebraska__

(b) Docket or case number (if you know): __Don't know__

(c) Result: __Deny__

(d) Date of result (if you know): __don't know__

(e) Citation to the case (if you know): ____

(f) Grounds raised: __Having to much time__

(g) Did you seek further review by a higher state court?   ☐ Yes   ☑ No

If yes, answer the following:

(1) Name of court: ____

(2) Docket or case number (if you know): ____

(3) Result: ____

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☑ Yes   ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: ~~Douglas County District Nebraska~~ IN the District Court of Douglas county Nebraska

(2) Docket or case number (if you know): CR11-1166 - CR11-1425

(3) Date of filing (if you know): don't know

(4) Nature of the proceeding: postconviction

(5) Grounds raised: Ineffective Assistance of Counsel failed to object to the State breaching the pleas agreement.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☑ Yes   ☐ No

(7) Result: evidence hearing

AO 241 (Rev. 09/17)

   (8) Date of result (if you know): don't know

(b) If you filed any second petition, application, or motion, give the same information:
   (1) Name of court: IN the district court of Douglas county Nebraska ~~District court of Douglas~~
   (2) Docket or case number (if you know): CR11-1166 & CR11-1425
   (3) Date of filing (if you know): ~~[scribbled out]~~ 10/5/18
   (4) Nature of the proceeding: post conviction the second one
   (5) Grounds raised:

   (6) Did you receive a hearing where evidence was given on your petition, application, or motion?
   ☐ Yes ☑ No
   (7) Result: Deny
   (8) Date of result (if you know): Nov 8, 2019

(c) If you filed any third petition, application, or motion, give the same information:
   (1) Name of court: N/A
   (2) Docket or case number (if you know):
   (3) Date of filing (if you know):
   (4) Nature of the proceeding:
   (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☐ No

(7) Result: _N/A_

(8) Date of result (if you know): _N/A_

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ☑ Yes ☐ No

(2) Second petition: ☑ Yes ☐ No

(3) Third petition: ☐ Yes ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: _Involuntary Plea In Violation of Due Process Clause of the 14th Amendment U.S. Constitution_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner was not fully Aware of the Direct Consequences of the plea And the penalty that will be Imposed Due to the trial Judge inaccurately informing petitioner of Minimum And Maximum Sentences when in fact the plea carried A "Mandatory Minimum" in which the trial court left out that Induced petitioner by the way of Inaccurate understanding of the misinformation by the trial Court that renders plea Involuntary

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241 (Rev. 09/17)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☑ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state: Nebrask

Type of motion or petition: postconviction

Name and location of the court where the motion or petition was filed:

In the District Court of Douglas County Nebraska

Docket or case number (if you know): CR11-1166 & CR11-1425

Date of the court's decision: Nov, 8, 2014

Result (attach a copy of the court's opinion or order, if available):

Deny

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?   ☑ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state: N

Name and location of the court where the appeal was filed:

Nebraska appeals court

Docket or case number (if you know): Don't Know

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

**GROUND TWO:** Ineffective Assistance of Counsel In Violation of 6th And 14th Amendment of U.S. Constitution

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial Counsel Provided Prejudicial Ineffective Assistance In Advising petitioner to plea no contest And that there Is A reasonable probability that but for counsels unprofessional errors I would not have pleaded no contest And would have Insisted On going to trial If petitioner had been correctly Informed Accurately of the plea carried a mandatory Minimum that resulted In Actual prejudice Due to Inaccurate Understanding of Minimum And Maximum Sentences Due to Mandatory Minimum being Omitted At the critical stage resulting In unfairness.

(b) If you did not exhaust your state remedies on Ground Two, explain why: Because it the same agreement just now his putting on the Trial lawyer

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes  ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: it had on the trial lawyers.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes  ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

AO 241 (Rev. 09/17)

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : _____

**GROUND THREE:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

Page 9 of 16

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?  ☐ Yes   ☐ No
(4) Did you appeal from the denial of your motion or petition?  ☐ Yes   ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes   ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

**GROUND FOUR:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

(c)   **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Page 11 of 16

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?                       ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?                  ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

Page 12 of 16

AO 241 (Rev. 09/17)

13. Please answer these additional questions about the petition you are filing:

 (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☐ Yes   ☐ No

 If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

 _____

 _____

 _____

 (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

 _____

 _____

 _____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☐ No

 If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

 _____

 _____

 _____

 _____

 _____

 _____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☐ No

 If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

 _____

 _____

 _____

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Douglas A. Johnson

(b) At arraignment and plea: Douglas A. Johnson

(c) At trial: Douglas A. Johnson

(d) At sentencing: Douglas A. Johnson

(e) On appeal: Douglas A. Johnson

(f) In any post-conviction proceeding: Jessica Douglas

(g) On appeal from any ruling against you in a post-conviction proceeding: Jessica Douglas

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes  ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes  ☒ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Petitioner Gatdet Chuol Invokes Actual Innocence In this extraordinary case the Constitutional violations In this petition Resulted In the Conviction of petitioner who Is Actually Innocent. Implicating Fundamental Miscarriage of Justice And Such Violations Are of Constitutional Magnitude And

Page 14 of 16

AO 241 (Rev. 09/17)

Are Cognizable due to State-Court proceedings created Fundamental Unfairness that violated petitioners Mr. Chuol's 14th Amendment of the U.S. Constitution Right to Due Process. Petitioners Custody/Imprisonment Cannot be Shown to Conform With the Fundamental Requirements of Due Process Law 14th Amendment. Sensitivity to the Injustice of Incarcerating An Innocent Individual should not Abate when the Impediment Is AEDPA's State of limitations. § 2244(d)(1). In the Interest of Justice. Petitioner Moves this Court "Let Justice Be Done" that Renders petitioners Imprisonment Void under the United States Constitution. A Miscarriage of Justice will Occur if Mr. Chuol's petition is not addressed on the merits on the claims. The Constitutional Errors/Violations had A Substantial And Injurious Effect to Convict petitioner.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

       (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

       (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

       (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

       (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: To be released from unlawful Custody/Imprisonment thats In Violation of the U.S. Constitutional Rights Due Process 14th Amendment.

or any other relief to which petitioner may be entitled.

No, SC

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on  11/24/25  (month, date, year).

Executed (signed) on  11/24/25  (date).

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Name Gatdet Chuot
(First) (Last)
Number# 075845
Reception & Treatment Center (NDCS)
P.O. Box 22800
Lincoln, NE 68542-2800
Notice this correspondence was mailed from an
Institution operated by Nebraska Department
Of Correctional Services. It contents are Uncensored.

OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT,
ROMAN L. HRUSKA U.S. COURTHOUSE
111 S. 18th Plaza, Suite, 1152
Omaha, NE 68102-1322

RECEIVED
DEC - 1 2025
CLERK
U.S. DISTRICT COURT



Legal mail